UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUDY ROSENBERG,[1]

                Plaintiff,

            -against-

SHEMIRAN CO., LLC; ANTHONY CANNATARO, ADMINISTRATIVE JUDGE; ANNE KATZ, SUPERVISING HOUSING COURT REFEREE; HEELA CAPELL REFEREE; ALIA RAZZAQ, CHIEF CLERK; EUGENE HURLEY, FIRST DEPUTY CHIEF CLERK,

                Defendants.

20-CV-0229 (CM)

ORDER

COLLEEN MCMAHON, Chief United States District Judge:

Rudy Rosenberg, appearing *pro se*, brings this action styled as a notice of removal pursuant to 28 U.S.C. § 1446, of the eviction proceedings pending against him and his co-tenant in the Civil Court of the City of New York, New York County, Housing Part. *See Shemiran Co. LLC v. Rosenberg,* L & T Index No. 67375/19.

By order dated January 23, 2020, the Court granted Defendant's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the action is remanded to the Civil Court of the City of New York, New York County, Housing Part.

**STANDARD OF REVIEW**

A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

---

[1] Although Rosenberg is a defendant in the eviction proceedings, he improperly lists himself as the Plaintiff in the notice of removal.

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## BACKGROUND

In September 2019, Shemiran Co. LLC initiated this residential holdover proceeding in the Civil Court of the City of New York, New York County, Housing Part, against Rudolph Rosenberg and his co-tenant Eltha Jordan. (ECF 2, at 58.) In the petition, which is under Index Number L&T, 67375/19. Shemiran Co. LLC alleges that tenants Rosenberg and Jordan have failed to tender the monthly rent of $2050.00 since December 2018, and that the total rent owed as of the date of filing the petition was $20,500.00. (*Id.* at 60.) Shemiran Co. LLC seeks possession of the premises, which are located at East 88th Street in Manhattan, and damages.

On or about September 10, 2019, the tenants were served via substituted service; that is, a process server affixed the petition to the door and mailed the petition by certified and regular mail. (*Id.* at 66-67.)[2] The matter was set for trial on January 15, 2020. (*Id.* at 69.)

---

[2] Rosenberg states that he and Jordan were not served but attaches Judge Capell's order rejecting Rosenberg's order to show cause, which sought to dismiss the petition based on

Just before trial, on January 8, 2020, Rosenberg filed this notice of removal. Although Rosenberg's co-tenant Eltha Jordan does not sign the notice of removal, Rosenberg alleges that she joins in the notice and consents to removal. (*Id.* at 66.)

Rosenberg states that both he and Jordan "are citizens of New Jersey" (*id.* at 10), though he lists his mailing address as the apartment on East 88th Street in New York, from which the landlord seeks to evict him. He indicates that Shemiran Co. LLC is a citizen of California, where its sole partner resides. (*Id.* at 10.)

Rosenberg incorrectly lists himself in the caption of the notice of removal as the plaintiff, instead of listing himself and Jordan as the defendants.[3] Rosenberg also improperly lists as defendants four individuals who are not parties to the landlord-tenant proceedings, including "Administrative Judge Anthony Cannataro," "Supervising Housing Court Referee" Anne Katz, Referee Heela Capell, Chief Clerk Alia Razzaq, and First Deputy Chief Clerk Eugene Hurley.

## DISCUSSION

**A.     Timeliness**

A notice of removal must be filed within 30 days of the defendant's receipt of a pleading, motion or other paper indicating grounds for removal. 28 U.S.C. § 1446(b)(1). If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of another paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Here, Rosenberg and his co-tenant were constructively served with the petition under

---

allegedly improper service. (*Id.* at 66.)

[3] *See* 28 U.S.C. §§ 1441(a) and 1446(a) (only a defendant can remove); *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) ("Quite simply, a party who is in the position of a plaintiff cannot remove.").

3

Index Number L&T, 67375/19, on or about September 10, 2019. (ECF 2 at 66-67.) The notice of removal filed on January 8, 2020, was therefore filed more than 30 days after Rosenberg's receipt of the petition. Rosenberg also makes no allegation that the action only became removable at a later date, that is, upon receipt of another paper showing for the first time that the action could be removable. Rosenberg thus fails to satisfy his burden of demonstrating that removal is timely, and the action must be remanded to the Civil Court of the City of New York, New York County, Housing Part.

Moreover, as set forth below, even if the notice of removal had been timely, Rosenberg also fails to meet his burden of showing that the Court has subject matter jurisdiction over this action.

**B.     Subject Matter Jurisdiction**

1.     Diversity Jurisdiction

Diversity jurisdiction exists over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) (citing 28 U.S.C. § 1332(a)(1)). The petition involves three parties: Plaintiff Shemiran Co. LLC and Defendants Rudy Rosenberg and his co-tenant Jordan. Rosenberg contends that Shemiran Co. LLC is a citizen of California, where he alleges that its sole partner resides. (ECF 2, at 10.) *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (holding that a limited liability corporation has the citizenship of each of its members).

Rosenberg states that he and his co-tenant are citizens of New Jersey, but he does not plead facts about his address or any facts showing that he is domiciled in New Jersey. (ECF 2, at 10.) Rosenberg also lists his mailing address at the apartment in Manhattan.

4

An action cannot be removed on the ground of diversity jurisdiction if any defendant is a citizen of the forum state.[4] *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005) (Removal on the basis of diversity is statutorily prohibited under 28 U.S.C. § 1441(b)(2) if any "part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought."); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50 n. (2d Cir. 2000) ("Because [Defendant] was a citizen of New York, he was not entitled to remove to federal court" in New York).[5.] If Rosenberg is domiciled in the Manhattan apartment, this would be prevent him from removing the petition to this Court on the basis of diversity jurisdiction.[6]

According to the notice of removal, Shemiran Co. LLC's state court petition against Rosenberg and his co-tenant seeks $28,000 in damages. (*Id.* at 19.) The sum demanded on the face of the removed complaint will ordinarily determine the amount in controversy. *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

Rosenberg argues that the amount in controversy should include the $23,000 in damages sought in Shemiran Co. LLC's first petition (Index L & T 056244-19/NY), which is now closed, in addition to the $28,000 sought in the second petition, which he has removed. There is no basis for including the amount sought in a prior closed action in evaluating the amount in controversy

---

[4] The "primary rationale for diversity jurisdiction [is] to protect defendants against the presumed bias of local courts," and this potential bias against out-of-state defendants is not a concern where "at least one defendant is a citizen of the forum state." 77 C.J.S. Removal of Cases § 63.

[5] "A civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441.

[6] Rosenberg does not plead facts about the domicile of any of the individuals whom he seeks to add to the action that he removed from Housing Court. Because the Court remands this action, the Court does not consider whether Plaintiff can assert a counterclaim in connection with this removed action.

in the action that was removed. Moreover, doing so would double count many of the months for which the landlord seeks to recover unpaid rent.

Rosenberg also argues that the amount in controversy is satisfied because the apartment involved in the holdover proceeding is valued at more than $200,000. (ECF 2, at 19.) The value of the apartment is irrelevant because title to the property is not at issue in the non-payment action in the Civil Court. Rosenberg thus does not carry his burden of demonstrating that the Court can exercise diversity jurisdiction over this matter because he does not plead facts showing that the amount in controversy is satisfied.

### 2. Federal Question Jurisdiction

The notice of removal also does not demonstrate that any federal question was presented on the face of the state court petition. *See Fax Telecommunicaciones Inc. v. AT & T*, 138 F.3d 479, 486 (2d Cir. 1998) ("Removal is proper only if the federal question appears plainly on the face of a 'well-pleaded complaint.'").

Rosenberg, who describes himself as a white male over 60 years old (ECF 3 at 3), apparently seeks to assert counterclaims against the landlord for discrimination. "[A] federal defense cannot serve as a basis for federal jurisdiction." *Int'l Tin Council v. Amalgamet Inc.*, 645 F. Supp. 879, 881 (S.D.N.Y. 1986). This is because removability is assessed by reviewing the four corners of a plaintiff's complaint, and a defendant's counterclaim or affirmative defense is not part of a plaintiff's properly pleaded statement of his claim. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Rosenberg's vague allegations that the landlord discriminated against him or his co-tenant based on race, age, or disability do not provide a basis for removal of the petition because those claims are not part of Plaintiff Shemiran Co. LLC's holdover petition. *See, e.g., Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 773 (2d Cir. 1988) ("[N]o civil rights violations were alleged nor were any equal protection claims made in . . . complaint in the

6

state court"). This landlord-tenant matter thus is not an action over which the district court has original jurisdiction, 28 U.S.C. § 1441(a).

For all of these reasons, the Court concludes that removal is improper. The action is therefore remanded to the Civil Court of the City of New York, New York County, Housing Part. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

**C.      Request to Proceed Anonymously**

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all the parties[.]" "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). The use of a pseudonym by a plaintiff in civil litigation "must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189.

When determining whether a plaintiff can proceed under a pseudonym, the following non-exhaustive list of factors should be considered:

> (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature,"
>
> (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties,"
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,"
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age,

7

(5) whether the suit is challenging the actions of the government or that of private parties,

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court,

(7) whether the plaintiff's identity has thus far been kept confidential,

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity,

(9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations omitted, alterations in original).

Here, the Civil Court proceedings have already been a matter of public record since September 2019, and the nonpayment of rent does not involve a matter that is "highly sensitive and [of a] personal nature." *Abdel-Razeq v. Alvarez & Marshal, Inc.*, 2015 WL 7017431, at *4 (S.D.N.Y. Nov. 12, 2015) (noting that "courts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests" and collecting cases). This matter is being remanded to the Civil Court, where Rosenberg is not proceeding anonymously. After consideration of the relevant factors, the Court denies Rosenberg's application to proceed anonymously.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Rudy Rosenberg, and note service on the docket. Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the Civil Court of the City of New York, New York County, Housing Part. Rudy Rosenberg's application to proceed anonymously is denied. The Clerk of Court is directed

to send a copy of this order to that court and to close this action. All pending matters are terminated.

SO ORDERED.

Dated: February 3, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge