...


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUDY ROSENBERG,<br><br>                    Plaintiff,<br><br>-against-<br><br>SHEMIRAN CO., LLC; ANTHONY CANNATARO, ADMINISTRATIVE JUDGE; ANNE KATZ, SUPERVISING HOUSING COURT REFEREE; HEELA CAPELL REFEREE; ALIA RAZZAQ, CHIEF CLERK; EUGENE HURLEY, FIRST DEPUTY CHIEF CLERK,<br><br>                    Defendants. | 20-CV-0229 (CM)<br><br>ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Rudy Rosenberg, acting *pro se*, commenced this action by filing a notice of removal of his pending state court action, *Shemiran Co. LLC v. Rosenberg*, L & T Index No. 67375/19. (ECF No. 2).[1] Rosenberg sought leave to proceed anonymously in this Court, though he was identified by name in the state court proceedings. (ECF No. 3, 5). By order dated February 3, 2020, the Court denied Rosenberg's request to proceed anonymously, and remanded the action to state court on the ground that removal was improper. (ECF No. 6). The case was remanded back to the state court on February 4, 2020.

This matter now comes before the Court on Rosenberg's motions, filed in May and June 2020, each of which is styled as an "OSC for motion for clarification of order, reconsideration, & TRO." (ECF Nos. 8-9). Rosenberg seeks reconsideration of the Court's order that removal is

---

[1] On January 23, 2020, the Court granted Rosenberg's request to proceed *in forma pauperis*. (ECF No. 4). Rosenberg is the defendant in the state court action, and remains the defendant even when the action is removed. The Court therefore does not refer to Rosenberg as "Plaintiff," even though he styles himself as such in this action.

improper. He argues that the Court has "failed to adjudicate a majority of his colorable causes of action" and that the remand order is "nothing more than abstract fraud." (ECF 8 ¶¶ 5, 171).

Rosenberg seeks to restrain the Court from remanding this action to state court. (ECF 9 ¶1). He further seeks an order imposing sanctions on the state-court plaintiffs. He contends that he has not received "any notices of copies of orders . . . with the exception of a copy of the remand order." (*Id.* at ¶ 11).

## DISCUSSION

"Remanding a case to state court terminates the jurisdiction of a federal district court over that case." *One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd.*, 889 F. Supp. 60, 62 (D. Conn. 1995). Because of this, remand orders have "been universally construed to preclude not only appellate review but also reconsideration by the district court." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 311 (2d Cir. 2005); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 637 (2009) ("An order remanding a case to the State court from which it was removed [under 28 U.S.C. § 1447(d)] is not reviewable on appeal or otherwise . . . ."); *see also Lalondriz v. USA Networks, Inc.*, 68 F. Supp. 2d 285, 286 (S.D.N.Y. 1999) (stating that "a district court may not review [its remand order] on a motion for reconsideration").

Once the district court certifies a remand order to the state court, "it is divested of jurisdiction and can take no further action on the case." *Miles v. Miles*, No. 12-CV-4014 (JS), 2012 WL 3542319, at *1 (E.D.N.Y. Aug. 13, 2012) (quoting *Seedman v. U.S. Dist. Court for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988)).

Here, the Court directed the Clerk of Court to remand this action by order dated February 3, 2020, and the matter was remanded out on February 4, 2020. Because this matter has already been remanded to state court, the Court lacks jurisdiction to take any further action in this case. The Court therefore denies Rosenberg's motions (ECF Nos. 8-9). Rosenberg raises questions

about the documents filed in this action, and the Court therefore directs the Clerk of Court to send Rosenberg a copy of the docket sheet.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Rosenberg and note service on the docket. The Court further directs the Clerk of Court to send Rosenberg a copy of the docket sheet.

Rosenberg's requests for orders to show cause and for reconsideration (ECF Nos. 8-9) are denied because the Court lacks jurisdiction to take further action in this matter, which has already been remanded to state court. Rosenberg's case in this Court under Docket No. 20-CV-0229 (CM) is closed. The Court will only accept for filing in this action documents that are directed to the Second Circuit Court of Appeals.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 30, 2020
         New York, New York

                                        COLLEEN McMAHON
                                    Chief United States District Judge